[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal of the actions taken by the Planning and Zoning Commission of the Town of Prospect (hereinafter "P Z") in processing an application to it by the plaintiff D.S. Associates (hereinafter "D.S.") seeking approval of a subdivision of land located partially in Prospect and partially in Naugatuck, (Record Exhibit #1). The application listed D.S. as the owner of record. D.S. acquired title by deed dated December 30, 1986 and recorded in the Prospect Land Records on February 4, 1987, (Plaintiffs' Exhibit A). By deed dated May 31, 1988, and recorded in the Prospect Land Records on June 2, 1988, D.S. conveyed title to the plaintiff Twin Pines Development Corporation (hereinafter "Twin Pines"), (Plaintiffs' Exhibit B). The proposed subdivision is Jolie Manor and the street where it is proposed is off of Clark Hill Road. After multiple public hearings, the P Z rejected the application on March 15, 1989, (Exhibit V, Return of Record).
I. JURISDICTION
At the time of application and throughout the time it was pending before P Z and throughout the time this appeal has been pending, D.S. had no interest in the subject property. The partners in D.S. are also the shareholders of Twin Pines. It is axiomatic that a corporation is a person and a legal entity separate from its shareholders. It is also true that shareholders do not own the corporate assets or have any proprietory interest in such assets, absent a reason to pierce the corporate veil.
Since no interest in the subject matter of the appeal has been established by D.S., the court finds that it is not an aggrieved party and the appeal as to D.S. is dismissed. Primerica v. Planning and Zoning Commission of the Town of Greenwich,211 Conn. 85, 94 (1989).
The other plaintiff is the owner of record and has been the owner of record throughout. Ordinarily this is sufficient to establish aggrievement, Id. CT Page 4384
The P Z attacks the court's jurisdiction to hear the appeal since the application incorrectly identified D.S. as the owner of record. In support of this claim, P Z cites the subdivision regulations, III. Procedure, B. Final Subdivision Application,
 "1. Application for approval of a plan of a subdivision shall be made by the owner(s) of record of the subject property or by an authorized agent, in writing on a form furnished by the Commission."
Return of Record, Vol. 2, page 5).
P Z then cites Section 8-7c of the Connecticut General Statutes concerning the disclosure of the real party in interest when the application is made by a trustee of an undisclosed trust, as interpreted by Sklar, Trustee v. Zoning Board of Appeals, Town of East Hampton, Docket No. 49357, Middlesex J.D., March 4, 1988 memorandum.
In other words, the P Z is not attacking the standing of Twin Pines. The P Z is attacking the validity of its action taken on an application made by an entity no longer an owner. It urges the court to find that the failure to list the correct owner on the application therefore rendered the P Z action null and void, there is nothing to appeal, and therefore there is nothing by way of subject matter before this court.
An application made to a zoning commission by a trustee conceals the true owners, the settlors and beneficiaries. There is no public recordation of the trust instrument. Resort to the land records will only reveal the trustee as owner.
There is no reason to extend the rationale of Section 8-7c, Connecticut General Statutes to the present set of facts. When the deed from D.S. to Twin Pines was recorded in the land records, it became a public record. The court has subject matter jurisdiction over this type of appeal, Primerica, supra. The appellant Twin Pines, as the owner of record, is an aggrieved party and is entitled to bring this appeal. Bossert Corp. v. City of Norwalk, 147 Conn. 279, 285 (1968).
Although the plaintiff D.S. has standing as owner of the subject property, and although the analogy drawn by the defendant to the status as "trustee" limps, this does not end the discussion of the question. As quoted above, the regulations require an application for subdivision approval to be made by the owner, or an authorized agent of the owner. This was not done in this case. The application was made by an entity no longer an owner. This CT Page 4385 precise issue was raised and discussed at length in Richards v. Planning and Zoning Commission of the Town of Wilton, 170 Conn. 318
(1976). Absent a specific requirement in the zoning regulations that an owner must apply case law has held that nonowners have been allowed to apply.
 ". . .so long as they were able to demonstrate a substantial interest in the property;"
Id., p. 321
This court cannot reach the issue of what,
 ". . .the necessary interest which a nonowner must possess in order to have standing to apply. . ."
for the Prospect regulations explicitly call for the applications to be made by the owner or an authorized agent of the owner. In this case, neither the owner nor an authorized agent of the owner applied for subdivision approval.
This court must conclude that the defendant commission lacked jurisdiction to consider the application since it was not filed by the owner or the owner's authorized agent. The appeal is therefore dismissed.
It has been brought to the court's attention that an inquiry was made regarding the running of the 120 day limitation for filing of decisions. The court notes that the defendant's final amended brief was filed and received on February 28, 1991.
HARRIGAN, J.